1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  MICHAEL S. DANIEL,

9                          Petitioner,          Case No. C19-595-MJP-MLP

10         v.

11  STATE OF WASHINGTON,                         REPORT AND RECOMMENDATION

12                          Respondent.

13

14        Petitioner Michael Daniel is currently in the custody of the Washington Department of

15  Corrections. He has submitted to the Court for filing a petition for writ of habeas corpus under 28

16  U.S.C. § 2254 challenging a 2018 King County Superior Court judgment. Petitioner identifies

17  only one ground for relief in his petition in which he alleges that his arrest, conviction, and

18  imprisonment are illegal because no bill of indictment was brought against him by the State of

19  Washington as is required by the Fifth Amendment to the United States Constitution. (Dkt. # 7 at

20  5.) However, Petitioner indicates in his petition that he did not appeal his judgement to the state

21  courts, nor did he seek any form of post-conviction relief in the state courts.

22

23

REPORT AND RECOMMENDATION
PAGE - 1

1    A state prisoner is required to exhaust all available state court remedies before seeking a

2  federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of

3  comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged

4  violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal

5  quotation marks and citations omitted). In order to provide the state courts with the requisite

6  "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each

7  appropriate state court for review, including a state supreme court with powers of discretionary

8  review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365

9  (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it appears clear from the face

10  of the petition that Petitioner has not properly exhausted his claim for relief in the state courts,

11  his petition is not eligible for federal habeas review. Accordingly, this Court recommends that

12  Petitioner's petition for writ of habeas corpus, and this action, be dismissed without prejudice for

13  failure to exhaust state court remedies.

14    A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

15  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

16  district or circuit judge. A certificate of appealability may issue only where a petitioner has made

17  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A

18  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

19  district court's resolution of his constitutional claims or that jurists could conclude the issues

20  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

21  U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a

22

23

REPORT AND RECOMMENDATION
PAGE - 2

certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 29th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3