# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL S. DANIEL,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Defendant. | CASE NO. C19-595 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 10) to the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge. (Dkt. No. 8.) Having reviewed the Report and Recommendation, the Objections and all related papers, the Court ADOPTS the Report and Recommendations and DENIES Petitioner's 28 U.S.C. § 2241 Petition.

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

1 | Petitioner has submitted a writ of habeas corpus under 28 U.S.C. § 2254, challenging his confinement at the Coyote Ridge Corrections Center. (Dkt. No. 1.) Judge Peterson recommended dismissal of Petitioner's habeas petition because he has not exhausted his state judicial remedies. (Dkt. No. 8 at 2 (citing Pickard v. Connor, 404 U.S. 270, 275 (1971); Baldwin v. Reese, 541 U.S. 27, 29 (2004)).) Judge Peterson also recommended the Court deny issuing a certificate of appealability because Petitioner does not present issues "'that are adequate to deserve encouragement to proceed further.'" (Dkt. No. 8 at 2 (quoting Miller-El v. Cockerell, 537 U.S. 322, 327 (2003)).)

Petitioner objects to the Report and Recommendation (1) disputing that his habeas petition needs to be conditioned upon the exhaustion of any other remedy (Dkt. No. 10 at 1); and (2) asks the Court "to order Respondent to present the Bill of Indictment of a Grand Jury causing the order of Petitioner's arrest and detainment." (Id.) Both of Petitioner's objections fail. First, as explained in the Report and Recommendation, a federal court must dismiss a habeas petition if petitioner has failed to exhaust his state judicial remedies. (Dkt. No. 8 at 2); Coleman v. Thompson, 501 U.S. 722, 731 (1991). Second, the absence of a Grand Jury Indictment does not render Petitioner's detention illegal; there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. Hurtado v. People of State of California, 110 U.S. 516 (1884).

Having reviewed the Report and Recommendation and the related record, the Court agrees with Judge Peterson regarding Petitioner's failure to exhaust state judicial remedies and finds that a state may prosecute a defendant by criminal information. The Court therefore ADOPTS the Report and Recommendation, (Dkt. No. 8). Petitioner's habeas petition is DISMISSED without prejudice and the Court declines to issue a certificate of appealability.

1

2     The clerk is ordered to provide copies of this order to Petitioner, all counsel, and to Judge
3 Peterson.

4     Dated June 18, 2019.

*[signature]*
Marsha J. Pechman
United States District Judge